# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

## INDIANAPOLIS DIVISION

### CASE NO.: 1:17-cv-956

NAKITA BELL,

    Plaintiff,

vs.

AU HOSPITALITY, LLC,
d.b.a. MOTEL 6,

    Defendant

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, NAKITA BELL (hereinafter, "PLAINTIFF"), through counsel, sues Defendant, AU HOSPITALITY, LLC, d.b.a. MOTEL 6 (hereinafter, "DEFENDANT") and alleges the following:

## **JURISDICTIONAL AND VENUE ALLEGATIONS**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 *et seq.* (FLSA).

2. PLAINTIFF resides in Indianapolis, Indiana, and is a past employee of Defendants.

3. DEFENDANT is a domestic for profit limited liability company registered with the State of Indiana and conducts business within this judicial district.

## **GENERAL ALLEGATIONS**

4. At all times material hereto, DEFENDANT was engaged in commerce by operating a hotel. In furtherance of said business, DEFENDANT'S employees handled, sold or otherwise utilized goods and materials, handled equipment that had been moved in or produced for such commerce and further conducted business throughout the United States

5. At all times material hereto, DEFENDANT was the "Employer" of PLAINTIFF as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon DEFENDANT'S representations and promises, PLAINTIFF accepted employment and began working for DEFENDANT as a nighttime auditor.

7. DEFENDANT employed PLAINTIFF during the approximate period of 8/17/2015 to 8/17/2016. During said time, PLAINTIFF earned $9.25 per hour, worked an average of 70 hours per week, but was never paid overtime pay and instead was paid straight time for all hours worked in excess of 40 per week.

8. Accordingly, PLAINTIFF is owed overtime pay inclusive of liquidated damages in the approximate amount of $14,430.00 (52 weeks worked x 30 hours of overtime per week @ $9.25 per hour x .5 (half-time) x 2 (liquidated damages)).

9. PLAINTIFF has complied with all conditions precedent to bringing this suit, or the same have been waived or abandoned.

10. PLAINTIFF has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### OVERTIME
### (ALL DEFENDANTS)

11. PLAINTIFF reaver and reallege paragraphs 1-10 herein.

12. PLAINTIFF alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. DEFENDANT willfully violated the Fair Labor Standards Act by refusing to pay PLAINTIFF all time worked in excess of 40 hours per week.

WHEREFORE, PLAINTIFFS demand judgment against the DEFENDANT as follows:

A. A judgment for damages in the amount of one-half times the hourly wage rate of all time which PLAINTIFF worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorney's fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: March 29, 2017

                        Respectfully submitted,

                        Goldberg & Loren, P.A.
                        James M. Loren, Esquire
                        100 South Pine Island Rd. - Suite 132
                        Plantation, FL 33324
                        Phone:      (954)585-4878
                        Facsimile:   (954)585-4886
                        E-Mail:     JLoren@goldbergloren.com

**/s/** _____

                        James M. Loren, Esquire