UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NAKITA BELL, | ) |
| *Plaintiff*, | ) ) ) |
| *vs.* | ) No. 1:17-cv-00956-JMS-MPB ) |
| AU HOSPITALITY, LLC, d/b/a MOTEL 6, | ) ) |
| *Defendant*. | ) |

# ORDER

Presently pending before the Court is a Motion to Set Aside Default Judgment, [Filing No. 23], filed by Defendant AU Hospitality, LLC d/b/a Motel 6 ("AU"). AU filed its Motion ten months after the Court entered default judgment in favor of Plaintiff Nakita Bell on January 3, 2018. [Filing No. 16.] For the reasons set forth herein, AU's Motion is **TAKEN UNDER ADVISEMENT** and the Court **SETS** this matter for an in-person evidentiary hearing.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) sets forth several grounds for relief from a final judgment, order, or proceeding and provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b)(4) provides that courts may set aside a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). More specifically, "a district court may relieve a party from a final judgment if the judgment is void for lack of personal jurisdiction over that party." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011). If a defendant was not properly served with a summons and the complaint, the court has no personal jurisdiction over a defendant, and the default judgment

must be set aside as void. *See, e.g.*, *Richard v. Mahajan Corp.*, 2011 WL 470431, at *2 (S.D. Ind. Feb. 3, 2011); *see also Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005).

## II.
### BACKGROUND

On March 29, 2017, Ms. Bell filed suit against AU alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. [Filing No. 1 at 1.] Specifically, Ms. Bell alleged that during her employment with AU, she was not paid overtime pay. [Filing No. 1 at 2.] As such, Ms. Bell contended that AU owed her over fourteen thousand dollars in overtime pay and liquidated damages. [Filing No. 1 at 2.]

On June 14, 2017, Ms. Bell filed a Motion for Leave to Perfect Service upon Defendant through the U.S. Marshal. [Filing No. 6.] In support of her Motion, Ms. Bell attached the affidavit of Pamela Conley, a process server employed by Express Process Service, Inc., who attested as follows:

> 4/6/2017 11:42 am Attempted service at 7610 E. Old Trail Avenue, Indianapolis, IN 46219, Manager won't accept. This is American Hospitality/ Comfort Stay Inn. Different entity. Still owned by Ahsan Usman.manager says this should go to motel 6 at 5845 Rockville rd

[Filing No. 6-1.]

On June 16, 2017, the Court denied Ms. Bell's Motion for Leave to Perfect Service upon Defendant through the U.S. Marshal, and directed her "to make multiple attempts to serve the defendant in accordance with Rule 4(c)." [Filing No. 7 at 2.] The Court further directed that if Ms. Bell's "attempts are unsuccessful, the Court provides leave for [Ms. Bell] to re-raise her request for service via a United States marshal." [Filing No. 7 at 2.]

On July 28, 2017, Ms. Bell filed an affidavit of service with the Court, in which Express Process Service, Inc. Process Server Bill Rorie attested that he served process on AU as follows:

2

> I, Bill Rorie, being duly sworn, depose and say that on the **25th day of July, 2017** at **4:35 pm**, I:
>
> served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** to: **Mark Crawford** as **Motel Manager** for **AU Hospitality, LLC, d.b.a. Motel 6**, at the address of: **5845 Rockville Rd, Indianapolis, IN**, and informed said person of the contents therein, in compliance with state statutes.
>
> **Military Status:** Based upon inquiry of party served, defendant is not in the military service of the United States.
>
> **Marital Status:** Based upon inquiry of party served, Defendant is not married.
>
> **Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: Caucasian, Height: 6'0", Weight: 260, Hair: Brown, Glasses: N
>
> I certify that I am over the age of 18, have no interest in the above action and have proper authority in the jurisdiction in which service was made. I declare that the facts set forth in the foregoing Affidavit of Service are true and correct.

[Filing No. 10.]

On August 16, 2017, Ms. Bell filed a Motion for Clerk's Entry of Default, [Filing No. 11], which the Court granted on September 18, 2017, [Filing No. 13]. On December 4, 2017, Ms. Bell filed a Motion for Default Judgment, [Filing No. 14], which the Court granted on January 3, 2018, [Filing No. 15]. On the same day, the Court entered final judgment in favor of Ms. Bell in the amount of $14,430.00 in overtime compensation and liquidated damages, and $2,854.25 in attorneys' fees and costs. [Filing No. 16.]

On November 7, 2018, AU filed a Motion to Set Aside Default Judgment pursuant to Rule 60(b), [Filing No. 23], which is now fully briefed and ripe for the Court's review.

### III.
### DISCUSSION

AU makes two arguments in support of its Motion. The Court first considers AU's argument that the judgment in this case is void because the Court lacks personal jurisdiction due to ineffective service of process. [Filing No. 23-1 at 5.] In support of its argument, AU points out that Ms. Bell makes no allegation that she served its registered agent - Ahsan Usman. [Filing No. 23-1 at 6.] In addition, AU argues that service of process was ineffective because Mark Crawford,

AU's manager, "was not in fact served in this cause," as evidenced by "substantial differences in the biometric information noted by the process server and the true information of [Mr.] Crawford, the significant differences in the signature of [Mr.] Crawford and that on the Service Form, and the course of conduct of [Mr.] Crawford when served with legal documents on behalf of AU." [Filing No. 23-1 at 5.]

In response, Ms. Bell argues that the proof of service she put forth in this case "constitutes proof of service of a quality that can only be overcome by strong and convincing evidence showing that its assertions about service are not accurate." [Filing No. 25 at 4.] However, Ms. Bell contends that "AU has not met its burden in showing that good cause existed for its failure to respond to Plaintiff's Complaint" because AU "was served with process of this lawsuit and was provided notice of the multiple other documents Plaintiff filed with this Court over the 20-month period that this case has been pending." [Filing No. 25 at 3.] Moreover, Ms. Bell argues that AU "cannot adequately rebut the presumption of service merely by offering self-serving affidavits that conclusorily deny that service was effected." [Filing No. 25 at 4.] Ms. Bell further contends that "[o]ver the twenty-month period of time that this case has been pending, [she] has mailed at least two other documents to [AU's] registered agent, Ahsan Usman, at [AU's] registered address." [Filing No. 25 at 6.]

In its reply brief, AU contends that it has provided enough evidence to at least merit an evidentiary hearing. [Filing No. 26 at 3.]

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(h), a corporation, partnership, or association may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of the summons and of the complaint to an officer, a managing or general

4

agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

The Indiana Rules of Trial Procedure provide that service may be made upon a domestic or foreign organization by serving "an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6(A)(1). If service cannot be made in this manner, Indiana Rule of Trial Procedure 4.6(C) provides that "service may be made by leaving a copy of the summons and complaint at any office of such organization located within this state with the person in charge of such office." Ind. R. Trial P. 4.6(C).

The parties agree that the individual Ms. Bell claims to have served is Mark Crawford. [Filing No. 23-1 at 1; Filing No. 25 at 4.] In addition, the parties agree that Mr. Crawford is not AU's registered agent. [Filing No. 23-1 at 6 (identifying Ahsan Usman as AU's registered agent); Filing No. 25 at 6 (same).] As such, any process served on AU was undertaken pursuant to Indiana Rule of Trial Procedure 4.6(C) "by leaving a copy of the summons and complaint at any office of such organization . . . with the person in charge of such office."

Ms. Bell is correct that "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). "To make a prima facie showing, the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut." *Id. at 672*. The evidence put forth by Ms. Bell in this case satisfies these basic requirements, as the

5

return of service identifies the recipient, [Filing No. 10], and the accompanying declaration from process server Bill Rorie provides sufficient detail to allow AU to know what evidence it must rebut, [Filing No. 25-1].

As Ms. Bell has made the requisite prima facie showing, the burden shifts to AU "to rebut, by strong and convincing evidence, the presumption of service." *Relational*, 627 F.3d at 673. At the same time, "[t]he affidavit of the party asserting personal jurisdiction is presumed true only until it is disputed. Once disputed, the party asserting personal jurisdiction . . . must prove what it has alleged." *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015).

At the outset, the Court rejects Ms. Bell's contention that the Court should disregard AU's evidence because Mr. Crawford's affidavit is "self-serving." [Filing No. 25 at 4 (arguing that AU "cannot adequately rebut the presumption of service merely by offering self-serving affidavits that conclusorily deny that service was effected").] As the Seventh Circuit stated in *Durukan*, "we long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" 787 F.3d at 1164 (citations omitted).

Similarly, the Court rejects Ms. Bell's argument that AU "has not effectively impugned the veracity of Bill Rorie's affidavit." [Filing No. 25 at 4.] Although it is true that affidavits which merely deny service are not sufficient, *see Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989); *see also Joe Hand Promotions, Inc. v. Abrell*, 2011 WL 2066715, at *2 (S.D. Ind. May 25, 2011), Mr. Crawford's affidavit does more than merely deny service. Mr. Crawford includes his driver's license showing his biometric information and numerous examples of his signature. [Filing No. 23-4.]

6

The Court is therefore left with two conflicting affidavits: one in which process server Bill Rorie claims that he served Mr. Crawford, [Filing No. 25-1], and another in which Mr. Crawford claims that he was not served and that the proof of service submitted by Ms. Bell, [Filing No. 23-3], does not contain his signature, [Filing No. 23-4]. This dispute cannot be resolved without an evidentiary hearing as "a determination of credibility cannot be made on the basis of an affidavit. That is, a judge cannot take two affidavits which swear to opposite things and say, 'I find one of the affidavits more credible than the other, and therefore I shall accept it as true.'" *Durukan*, 787 F.3d at 1164 (citations omitted). In short, only a live hearing can resolve this factual dispute.

As a final matter, the Court will briefly address AU's alternative argument – that the Court should set aside the "damages aspect of the judgment" in the event that the default judgment stands. [Filing No. 23-1 at 8.] AU cited no authority that would allow the Court to set aside its damages award, and AU's unsupported alternative argument is unavailing. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint," and in granting the default judgment, this Court was required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations omitted). The Court's January 3, 2018 order awarding damages cited the supporting evidence put forth by Ms. Bell and constitutes the Court's inquiry in order to ascertain the amount of damages. [Filing No. 15 at 1.] Therefore, if personal jurisdiction is found, the Court will not set aside its prior award of damages.

## IV.
### CONCLUSION

Based on the foregoing, the Court **TAKES UNDER ADVISEMENT** the Motion to Set Aside Default Judgment [23] and **SETS** this matter for an in-person evidentiary hearing on the issue of service of process on Mark Crawford on **Monday, February 4, 2019**, at **2:00 p.m.** in

**Room 307**, United States Courthouse, 46 E. Ohio Street, Indianapolis, IN 46204. The Court **ORDERS** that Mark Crawford and process server Bill Rorie be present in person to give testimony at the evidentiary hearing.

Date: 1/14/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**