UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NAKITA BELL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | No. 1:17-cv-00956-JMS-MPB |
| | ) | |
| AU HOSPITALITY, LLC, d/b/a MOTEL 6, | ) | |
| | ) | |
| *Defendant*. | ) | |

# ORDER

Presently pending before the Court is a Motion to Set Aside Default Judgment, [Filing No. 23], and a Motion for Reconsideration, [Filing No. 30], filed by Defendant AU Hospitality, LLC d/b/a Motel 6 ("AU"). Each has to do with the Court's entry of default judgment in favor of Plaintiff Nakita Bell on January 3, 2018, [Filing No. 16], and AU's subsequent efforts to set aside the judgment.

In the first Motion, AU argues that it was not properly served with process in this matter. On February 4, 2019, the Court held an evidentiary hearing on the issue of service of process.

In the second Motion, AU urges the Court to reconsider its Order of January 14, 2019 and set aside the "damages aspect" of the default judgment in the event the Court does not set aside the default judgment itself.

The Court now considers each of the two pending Motions in turn.

## I.
### BACKGROUND

On March 29, 2017, Ms. Bell filed suit against AU alleging that during her employment with AU, she was not paid overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*. [Filing No. 1 at 1-2.] As a result. Ms. Bell alleged that AU owed her over fourteen thousand dollars in overtime pay and liquidated damages. [Filing No. 1 at 2.]

On July 28, 2017, Ms. Bell filed an affidavit of service with the Court, in which Express Process Service, Inc. Process Server Bill Rorie attested that he served process on AU by delivering a copy of the summons and complaint on motel manager Mark Crawford, who Mr. Rorie described as "Age: 30, Sex: M, Race/Skin Color: Caucasian, Height: 6'0", Weight: 260, Hair: Brown, Glasses: N." [Filing No. 10.]

On August 16, 2017, Ms. Bell filed a Motion for Clerk's Entry of Default, [Filing No. 11], which the Court granted on September 18, 2017, [Filing No. 13]. On December 4, 2017, Ms. Bell filed a Motion for Default Judgment, [Filing No. 14], which the Court granted on January 3, 2018, [Filing No. 15]. On the same day, the Court entered final judgment in favor of Ms. Bell in the amount of $14,430.00 in overtime compensation and liquidated damages, and $2,854.25 in attorneys' fees and costs. [Filing No. 16.]

On November 7, 2018, AU filed a Motion to Set Aside Default Judgment pursuant to Rule 60(b), [Filing No. 23], which the Court took under advisement, [Filing No. 27]. In an Order dated January 14, 2019, (the "January 14, 2019 Order"), the Court found that the record before it contained "two conflicting affidavits: one in which process server Bill Rorie claims that he served Mr. Crawford, and another in which Mr. Crawford claims that he was not served and that the proof of service submitted by Ms. Bell does not contain his signature." [Filing No. 27 at 7.] As such, the Court found that an evidentiary hearing was necessary.

At the evidentiary hearing Mr. Rorie, and Mr. Crawford both testified, as well as motel employee Bernella Harris. Mr. Rorie testified that he encountered Mr. Crawford twice in the course of serving process in this case: once when he unsuccessfully attempted to serve the

2

registered agent, and a second time when he served process on Mr. Crawford. He testified that he specifically recalled serving Mr. Crawford and that Mr. Crawford was wearing a hat when he was served and had been doing maintenance work. Mr. Rorie then identified Mr. Crawford in the courtroom. Both Mr. Crawford and Ms. Harris testified that Mr. Crawford never wore a hat. Mr. Crawford further testified that he never did maintenance work at the motel and that he is 5'9" and weighs 275 pounds and was 45 years old when Mr. Rorie allegedly served process on him. At the close of the hearing the Court once again took AU's Motion to Set Aside Default Judgment under advisement.

Meanwhile, at the hearing, the Court granted two pending Motions to Withdraw Attorney Appearances for Defense counsel and ordered AU to retain counsel on or before February 19, 2019. [Filing No. 31 at 1.] On February 12, 2019, AU's new counsel entered an appearance in this matter.

A few days before the evidentiary hearing, AU filed a Motion for Reconsideration as to the Court's January 14, 2019 Order, [Filing No. 30], to which Ms. Bell has responded.

Herein, the Court considers each of the two pending Motions, beginning with the Motion to Set Aside Default Judgment.

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) sets forth several grounds for relief from a final judgment, order, or proceeding and provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b)(4) provides that courts may set aside a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). More specifically, "a district court may relieve a party from a final judgment if the judgment is void for lack of personal jurisdiction over that party." *Philos Techs., Inc. v. Philos &*

3

*D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011). If a defendant was not properly served with a summons and the complaint, the court has no personal jurisdiction over a defendant, and the default judgment must be set aside as void. *See, e.g.*, *Richard v. Mahajan Corp.*, 2011 WL 470431, at *2 (S.D. Ind. Feb. 3, 2011); *see also Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005).

## III.
### DISCUSSION

**A. Motion to Set Aside Default Judgment**

The Court previously set forth the arguments that the parties made in their briefing: AU argued that service of process was ineffective because Mr. Crawford "was not in fact served," as evidenced by "substantial differences in the biometric information noted by the process server and the true information of [Mr.] Crawford, the significant differences in the signature of [Mr.] Crawford and that on the Service Form, and the course of conduct of [Mr.] Crawford when served with legal documents on behalf of AU." [Filing No. 23-1 at 5.] In contrast, Ms. Bell argued that AU "was served with process of this lawsuit" and that the proof of service she put forth in this case "constitutes proof of service of a quality that can only be overcome by strong and convincing evidence showing that its assertions about service are not accurate." [Filing No. 25 at 3-4.]

Accompanying the briefing, was an affidavit from Mr. Rorie claiming that he served Mr. Crawford, and another from Mr. Crawford claiming that he was not served. [Filing No. 27 at 7.] Similarly, at the hearing, Mr. Rorie testified that he served process on Mr. Crawford, and Mr. Crawford claimed that he had not been served.

Given the conflicting testimony, the Court begins its analysis with an examination of the burden of proof in cases involving service of process. In 2010, the Seventh Circuit decided *Relational, LLC v. Hodges*, a case in which one party to a lawsuit alleged that he had not been served process. 627 F.3d 668 (7th Cir. 2010). The Court focused its inquiry on "the factual

4

question" of whether the party asserting personal jurisdiction had proven that the opposing party had been served. *Id*. at 672. In so doing, the Court of Appeals set forth the following rules:

> To make a prima facie showing, the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut. . . . Once [the party asserting personal jurisdiction] made this prima facie showing, the burden shifted to [the party denying personal jurisdiction] to rebut, by strong and convincing evidence, the presumption of service.

*Id.* at 672–73. The Court of Appeals concluded that the first hurdle had been cleared, but the second had not. *Id*. at 672-73 (holding that the party asserting jurisdiction's "original return of service and accompanying affidavit . . . satisfied" the "basic requirements" of the initial prima facie showing, whereas the Court found the testimony of the party denying jurisdiction "unconvincing" once the burden shifted to him).

Five years later, the Seventh Circuit again considered a case where defendants denied that they were ever served process. In *Durukan Am., LLC v. Rain Trading, Inc.*, the Court of Appeals stated as follows:

> A process server's affidavit identifying the recipient and when and where service occurred is prima facie evidence of valid service which can be overcome only by strong and convincing evidence. But [the party seeking personal jurisdiction in this case] is wrong when it asserts . . . that its prima facie showing entitled it to have any dispute with its affidavits resolved in favor of jurisdiction. The affidavit of the party asserting personal jurisdiction is presumed true only until it is disputed. Once disputed, the party asserting personal jurisdiction . . . must prove what it has alleged.

787 F.3d 1161, 1163-64 (7th Cir. 2015) (citations and quotations omitted). It is clear that *Durukan* did not seek to overturn or alter the rule set forth in *Relational*, as the former case cited the latter. However, *Durukan* does appear to take the analysis one step further by adding that once the affidavit of the party asserting personal jurisdiction has been overcome by strong and convincing evidence from the party denying jurisdiction, "the party asserting personal jurisdiction . . . must prove what it has alleged." *Id*. at 1163–64.

5

As set forth in the Court's January 14, 2019 Order, the initial hurdle in this case has been cleared – Ms. Bell has put forth prima facie evidence of valid service. [Filing No. 27 at 5-6.]

The next question is whether AU has rebutted, by strong and convincing evidence, the presumption of service. In its January 14, 2019 Order, the Court found that the affidavit put forth by AU "does more than merely deny service," it includes Mr. Crawford's "driver's license showing his biometric information and numerous examples of his signature" in arguing that the person described in the affidavit was not Mr. Crawford. [Filing No. 27 at 6.] In order to properly assess the quality of this rebuttal evidence, the Court held its evidentiary hearing. *See, e.g., Peralta v. El Tiburon, Inc.*, 252 F. Supp. 3d 658, 662 n.2 (N.D. Ill. 2017). However, the evidence AU presented at the hearing does not amount to "strong and convincing evidence" such that the presumption of service is overcome.

First, the Court considers the biometric disparities present in this case. According to Mr. Crawford's own testimony he is three inches shorter, fifteen pounds heavier, and fifteen years older than the person described in the affidavit of service. Based on the Court's observation of Mr. Crawford during the hearing, however, the Court is not convinced that the differences between Mr. Crawford and the individual described in the affidavit of service are so great that Mr. Rorie could not have been describing Mr. Crawford. This is particularly true given that Mr. Rorie described the encounter as brief.

In addition, although Mr. Crawford testified that he was not served, AU has put forth no evidence of where Mr. Crawford was during the time in question, nor any evidence showing that he could not have been at the motel at that time. *See, e.g.*, *Relational*, 627 F.3d at 673 (analyzing evidence of the whereabouts of the person alleged to have been served at the time service allegedly occurred). This is especially important in this case given that Ms. Harris' testimony that Mr.

Crawford lives on-site at the motel would support a conclusion that Mr. Crawford was generally at the motel.

Instead, AU's evidence amounts to an allegation not that the wrong person was served, but that Mr. Rorie fabricated the entire story related to serving process in this case. However, the Court's observation of Mr. Rorie's credibility during his testimony does not support this conclusion. To the contrary, Mr. Rorie was a credible witness who testified that he has been a process server for many years. His testimony was detailed and clear. If Mr. Rorie was going to fabricate service, one wonders why he did not fabricate service the first time he was charged with serving process in this matter. Instead, Mr. Rorie testified that he unsuccessfully attempted to serve AU's registered agent a day prior to serving Mr. Crawford. AU provides no reason why Mr. Rorie would fabricate evidence of service on the second day, but not on the first.

Based on the testimony given at the hearing and on the record before it, the Court concludes that AU has failed to meet its burden of presenting "strong and convincing" evidence to rebut the affidavits of service relied upon by Ms. Bell. AU's Motion to Set Aside Default Judgment pursuant to Rule 60(b), [Filing No. 23], is therefore **DENIED**.

### B. Motion for Reconsideration

Days before the evidentiary hearing in this matter, AU filed a Motion to Reconsider, arguing that a portion of the Court's January 14, 2019 Order should be reconsidered. In that Order, the Court stated as follows:

> As a final matter, the Court will briefly address AU's alternative argument – that the Court should set aside the "damages aspect of the judgment" in the event that the default judgment stands. [Filing No. 23-1 at 8.] AU cited no authority that would allow the Court to set aside its damages award, and AU's unsupported alternative argument is unavailing. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint," and in granting the default judgment, this Court was required to "conduct an inquiry in order to ascertain the amount of damages with reasonable

7

certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations omitted). The Court's January 3, 2018 order awarding damages cited the supporting evidence put forth by Ms. Bell and constitutes the Court's inquiry in order to ascertain the amount of damages. [Filing No. 15 at 1.] Therefore, if personal jurisdiction is found, the Court will not set aside its prior award of damages.

[Filing No. 27 at 7.]

AU's Motion to Reconsider purports to cite the authority that was missing from its initial Motion to Set Aside by citing cases from various circuit and district courts. For example, AU cites to the Seventh Circuit's opinion in *e360 Insight v. Spamhaus Project*, for the proposition that "[a]ppellate courts have discretion to reverse damages in a default judgment if the amount is clearly excessive." [Filing No. 30 at 4 (citing 500 F.3d at 602).] In addition, AU cited to a Second Circuit case affirming a default judgment but reversing on the issue of damages, [Filing No. 30 at 5 (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105 (2d Cir. 1997)], and a case in which the District Court of the Virgin Islands exercised its discretion to set aside the debt portion of the default judgment in order to permit Defendants to submit evidence that goes to the calculation of the amount of the debt owed, [Filing No. 30 at 5 (citing *Cohen v. Gabriel Enterprises, Inc.*, 2013 WL 1154847 (D.V.I. Mar. 21, 2013)]. In addition, AU summarizes the dispute as to damages as follows:

> Bell claims that her damages are $7215 whereas AU calculates them to be less than $900. Bell's damages claim is supported solely by her affidavit, and no other evidence. AU has submitted to this Court substantial evidence in the form of time cards and payroll sheets that call into serious question the timeframe within which Bell worked for AU and the hours that she alleges to have worked.

[Filing No. 20 at 5.]

Ms. Bell opposes AU's Motion, arguing that "it is untimely and inapplicable to the matter at hand." [Filing No. 33 at 1.] Ms. Bell argues that a Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, whereas this was filed a year after the entry. [Filing No. 33

8

at 1.] Ms. Bell further contends that AU "uses its 59(e) Motion for Reconsideration as a means to present this Court with two inapplicable cases that it could have used to support its original Motion to Set Aside but failed to." [Filing No. 33 at 3.] Ms. Bell then contends that she did not have access to documentation regarding her hours worked due to AU's failure to participate in discovery. [Filing No. 33 at 5.] In addition, she argues that AU has admitted that it "did not keep accurate and proper time Records." [Filing No. 33 at 5.]

In considering setting aside the damages award in this case, the Court is, in effect, considering two separate issues: (1) whether the damages award in this case comports with Seventh Circuit authority on the issue, and (2) whether AU waived such arguments by not making them in its initial Motion to Set Aside the Judgment. Likely due to the unique procedural posture of this case, the parties conflate the two issues.

To clarify, AU's Motion to Reconsider is not directed at the judgment in this matter, it is directed at the Court's dicta in its January 14, 2019 Order taking under advisement AU's Motion to Set Aside the Judgment. Therefore, AU's Motion to Reconsider is **GRANTED** and the Court revisits its statements in the January 14, 2019 Order without regard to Rule 60(b).

The Federal Rules of Civil Procedure allow – but do not require – a district court to conduct a hearing in order to determine the amount of damages to award related to a default judgment. *See* Fed. R. Civ. P. 55(b)(2)(B). "In the case of a default, this circuit follows the rule that the well-pleaded allegations of the complaint relating to liability are taken as true," and those "relating to the amount of damages suffered ordinarily are not." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (citations and quotations omitted). "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed

9

affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). The Seventh Circuit "will not ... disturb[ ] the amount of damages awarded in a default judgment unless the award is clearly excessive." *Merrill Lynch*, 908 F.2d at 253.

Ms. Bell claims that her affidavit in this case is sufficiently detailed to pass muster under the Seventh Circuit's standard. However, she also admits that her estimates of damages are based solely upon her own recollection of hours worked. [*See* Filing No. 33 at 5 ("Plaintiff is entitled to damages based on her recollection of hours alone").] Regardless of whether Ms. Bell is entitled to rely upon her recollection, her one-page affidavit setting forth her recollections, [Filing No. 14-2], does not, upon further examination, contain sufficient detail to allow this Court to ascertain the requisite damages to which she is entitled.

The Court is aware that by setting aside the damages award it is exercising considerable discretion. However, in doing so, the Court relies not on out-of-circuit, unbinding cases as Ms. Bell argues. [*See* Filing No. 33 at 3 ("Even if this Court Were to Consider Defendant's Two Cases, They Are Not Binding and Unrelated to the This Matter").] Instead, the Court is relying upon the Seventh Circuit's opinion in *e360 Insight v. Spamhaus Project*, which established that a court may disturb a damages award, while leaving a default judgment in place. 500 F.3d at 603. Particularly in this case, where Ms. Bell's recent admission establishes that her claimed damages are based on her recollection, [Filing No. 33 at 6], the Court has serious doubt about the amount of damages it previously awarded. As it did in *e360*, the Court of Appeals has the authority to examine such damages independent of setting aside the default judgment. In the interests of judicial economy and efficiency, the Court sees no reason to allow this case to proceed to an appeal and remand before this Court considers whether the amount of damages in this matter is correct under Seventh Circuit precedent.

Accordingly, the judgment in this matter is **VACATED** and this matter will proceed in order to for the Court to determine the appropriate damages award in this matter.

## IV.
### CONCLUSION

Based on the foregoing, the Court finds that AU was properly served in this matter. As such, AU's Motion to Set Aside Default Judgment, [23], is **DENIED**. However, the Court **GRANTS** AU's Motion for Reconsideration [30] to the extent that it reconsidered its dicta in the January 14, 2019 Order concerning damages.

In order to determine the appropriate damages award in this matter, the judgment, [16], is **VACATED.** The Court requests that the magistrate judge meet with the parties in an effort to arrive at an agreed resolution. Discovery on damages will be permitted. If the case cannot be resolved, a briefing schedule will issue by separate order.

Date: 3/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**