UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NAKITA BELL, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
|     *vs.* | )    No. 1:17-cv-00956-JMS-MPB |
| | ) |
| AU HOSPITALITY, LLC, d/b/a MOTEL 6, | ) |
| | ) |
|     *Defendant*. | ) |

**ORDER**

The three pending Motions in this matter underscore the enduring truth of the United States Supreme Court's observation over thirty-five years ago that "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this case, the litigants have failed to settle the amount of the fees and now ask the Court to determine whether Plaintiff must produce the fee agreement that exists between her and her attorney. [Filing No. 48.] For the reasons set forth herein, the Court **ORDERS** that Plaintiff must produce the agreement.

**I.**
**BACKGROUND**

On April 10, 2019, this Court entered final judgment in this matter in the amount of $2,000 pursuant to Plaintiff Nakita Bell's Notice of Acceptance of Offer of Judgment. [Filing No. 43.] In the final judgment, the Court stated that Ms. Bell would be granted "reasonable attorneys' fees

and costs to be assessed by the Court upon the filing of Plaintiff's Motion for Fees and Costs filed in accordance with this Court's Local Rule 54-1." [Filing No. 43.]

On April 18, 2019, Ms. Bell filed a Motion for Attorney's Fees, [Filing No. 45], in which she requested $19,333.50 in attorney's fees, and a Motion for Bill of Costs, [Filing No. 47], requesting costs in the amount of $1,420.21. In relevant part, Ms. Bell argues that "whether the fee is fixed or contingent" is one of the factors the Court should consider in determining the lodestar amount for the purpose of determining attorney's fees. [Filing No. 46 at 12.] Ms. Bell goes on to state that the fact that she employed her attorney "on a purely contingent fee basis" "bolsters the presumptive reasonableness of the lodestar calculation and counters any effort to reduce the lodestar." [Filing No. 46 at 12.]

On April 24, 2019, Defendant AU Hospitality, LLC d/b/a Motel 6 ("AU") filed a Motion to Order Disclosure of the Fee Agreement, [Filing No. 48], and that Motion is now ripe for the Court's review.

## II.
### DISCUSSION

In its Motion, AU requests that the Court order Ms. Bell "to disclose the terms of any agreement about fees for the services for which the attorney fee claim is made and provide a copy of any written fee agreement." [Filing No. 48 at 1.] In support of its Motion, AU argues that after Ms. Bell accepted AU's offer of judgment, Ms. Bell's counsel "advised that the attorney fees in the matter had ballooned from $2,854.25 per the original judgment [in January 2018] to $19,333.50," – an increase that AU argues is "dumbfounding given that the judgment amount is essentially what Defendant stipulated to in its Motion to Set Aside Judgment, at which point Plaintiff's counsel's attorney fees totaled $3,585.50, per their timesheet tendered to the Court." [Filing No. 48 at 2.] AU further argues that a relevant consideration in determining attorney's fees

is "whether the fee is fixed or contingent," and therefore argues that the Court should "disclose the terms of any agreement about fees for the services for which the attorney fees claim is made and provide a copy of any written fee agreement." [Filing No. 48 at 2.]

Ms. Bell opposes AU's Motion, arguing that "it is a futile exercise to drag this litigation out even further and serves no purpose." [Filing No. 49 at 1.] Ms. Bell further contends that the reasonableness of her contract with her counsel "is not at issue and plays no role in determining . . . statutory fees under the FLSA [Fair Labor Standards Act]." [Filing No. 49 at 1.] Ms. Bell states that she and her attorney "have a standard fee agreement" that will be produced "should there be a basis proffered by [AU] as to why it is relevant and admissible" given that she "is seeking her statutorily authorized reasonable fees and costs." [Filing No. 49 at 2.]

As a preliminary matter, the Court notes that information concerning attorney's fees generally "falls outside the scope of [attorney-client] privilege because fees are incidental to the substance of representation." *United States v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013) (citations omitted); *see also Matter of Walsh*, 623 F.2d 489, 494 (7th Cir. 1980) ("As a general rule, matters involving the receipt of fees from a client [including retainer agreements] are not privileged as they do not involve confidential communications"). Moreover, the Federal Rules of Civil Procedure explicitly contemplate that courts considering motions for attorney's fees may order parties to disclose the terms of fee agreements. Fed. R. Civ. P. 54(d)(2)(B)(iv) (providing that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees "must disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made").

Turning now to the specific facts of this case, Ms. Bell brought her claims pursuant to the Fair Labor Standards Act ("FSLA"), which provides that "in addition to any judgment awarded to

3

the plaintiff" the Court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. "To determine fees under the FLSA, the district court will generally follow the 'lodestar' approach, multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

In order to determine whether, as AU contends, Ms. Bell's fee agreement "is germane to the issues before the Court vis-à-vis the attorney fee award," [Filing No. 48 at 2], the Court must consider whether the fee agreement has any bearing on the lodestar approach that the Court must use in this case. The Court's starting point in this inquiry is a 2011 case in which the Seventh Circuit considered the calculation of a fee award in a Title VII action - *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632 (7th Cir. 2011). In *Pickett*, the district court had reduced an attorney's hourly rate due to the existence of a contingency fee agreement. *Id.* at 640. The Seventh Circuit reversed, holding that "that a court cannot adjust an hourly rate based on the existence of a contingent fee agreement." *Id.* at 645. In so holding, the Court emphasized that "[t]he lodestar approach forms the 'centerpiece' of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement." *Id.* at 639.

But *Pickett* stopped short of an "outright rejection of contingency as a factor relevant to the establishment of a reasonable fee." *Id.* at 645 (observing that the Ninth Circuit had adopted such an approach). Thus, *Pickett* is not determinative in the Court's consideration of AU's Motion to produce Ms. Bell's fee agreement.

Turning then to cases pre-dating *Pickett*, in 1993, the Seventh Circuit opined that the "lodestar may be adjusted by reference to the twelve factors set out in *Johnson v. Georgia Highway*

4

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993). One factor under *Johnson* is "[w]hether the fee is fixed or contingent," with the *Johnson* court noting that the "fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). The Supreme Court later clarified this particular *Johnson* factor in *Blanchard v. Bergeron*, stating that

> [t]he Johnson contingency-fee factor is simply that, a factor. The presence of a pre-existing fee agreement may aid in determining reasonableness. . . . But as we see it, a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and its policy and purpose.

489 U.S. 87, 93 (1989).

Since *Blanchard* was decided in 1989, the *Johnson* factors have been critiqued, but never entirely overruled. In 1997, the Seventh Circuit explained that the loadstar "normally reflect[s]" the *Johnson* factors. *Strange v. Monogram Credit Card Bank of Georgia*, 129 F.3d 943, 945 (7th Cir. 1997). In 2010, the U.S. Supreme Court contrasted the lodestar approach with the *Johnson* factors, observing that the former is "objective," and "thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results," whereas, the latter "gave very little actual guidance to district courts," "placed unlimited discretion in trial judges and produced disparate results." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). But, here again, the Court observed that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Id.* at 553 (citation and quotation omitted).

As such, the Court rejects Ms. Bell's contention that the fee agreement is irrelevant to the determination of attorney's fees in this case. Indeed, Ms. Bell's own brief in support of her Motion for Attorney's Fees states that "whether the fee is fixed or contingent" is one of the factors the

5

Court should consider in determining the lodestar amount for the purpose of determining attorney's fees. [Filing No. 46 at 12.] The Court agrees, and finds that Ms. Bell must produce the relevant fee agreement.

Although the Court is mindful of *Pickett*'s holding that it "cannot adjust an hourly rate based on the existence of a contingent fee agreement," that is not what AU's Motion seeks to accomplish. Instead, AU is merely requesting that the Court order Ms. Bell to provide a copy of any written fee agreement concerning fees. The Court will determine at the appropriate time what impact, if any, the fee agreement has on Ms. Bell's Motion for Attorney's Fees, [Filing No. 45].

### III.
#### CONCLUSION

Based on the foregoing, AU's Motion to Order Disclosure of the Fee Agreement, [48], is **GRANTED** and Ms. Bell is **ORDERED** to produce a copy of any written fee agreement and provide it to AU by May 22, 2019. AU's response to Ms. Bell's Motion for Attorney's Fees shall be filed within **fourteen (14)** days after production, and Ms. Bell's reply thereto shall be due within **seven (7)** days of the filing of AU's response. The parties are advised that any subsequent arguments concerning the fee agreement should bear in mind the limitations placed on this Court by *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632 (7th Cir. 2011).

Date: 5/20/2019

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**